## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAUL ESQUIVEL | * | DOCKET NO. 12-2331 |
| | * | |
| V. | * | DISTRICT JUDGE: |
| | * | |
| LOWE'S COMPANIES, INC | * | MAGISTRATE: |
| | * | JURY TRIAL DEMANDED |

**************************************************************************

## COMPLAINT

### I.

Made Complainant herein is RAUL ESQUIVEL, JR (ESQUIVEL), a person of the full

age of majority domiciled in the Eastern District of Louisiana.

### II.

Made Defendant herein is LOWE'S COMPANIES, INC (LOWES), a foreign

corporation authorized to do and doing business in the Eastern District of Louisiana.

### III.

Venue is appropriate in this jurisdiction because the incident giving rise to this litigation

occurred in this District and the parties are diverse.

IV.

The defendant, LOWES, is indebted unto your complainant for the following reasons to-wit:

V.

On or about October 10, 2011, ESQUIVEL was a guest customer in the retail establishment owned by LOWES situated on Jefferson Highway in the Eastern District of Louisiana.

VI.

LOWES had for sale in the establishment brick pavers which were situated on a shelf.

VII.

ESQUIVEL removed one of the brick pavers to view it when a large stack of pavers fell striking him in the head and face.

VIII.

At the time of the incident, LOWES had the pavers stacked on the shelf presented in an unreasonable and unsafe condition.

IX.

At all material times, LOWES, in the exercise of reasonable diligence, should have known of the improper stacking of the pavers.

X.

Furthermore, LOWES employees stacked the pavers and are therefore responsible for the

Complaint
Esquivel v. Lowe's
Page -4-

way in which they were positioned.

## XI.

The pavers, on information and belief, had been stacked on the shelf for a substantial period of time providing LOWES and employees of LOWES that the stacking procedure was dangerous.

## XII.

ESQUIVEL avers that LOWES owed him a duty to exercise reasonable care to keep the premises, shelving and merchandise in reasonably safe condition.

## XIII.

ESQUIVEL avers that this duty included keeping the premises free from any hazardous condition which might give rise to damage.

## XIV.

LOWES breached this duty and as a result, ESQUIVEL sustained injury and loss.

## XV.

LOWES failed to exercise reasonable care and was negligent in the following, but non-exclusive, ways:

A.     Allowing shelves to remain in a condition with pavers stacked inappropriately and in an dangerous manner;

B.     By an individual employed by LOWES having actual knowledge of the stacking of the pavers and failing to remedy it;

C.      By having its employees stack the pavers in such a way as to create an

unreasonable dangerous condition;

D.      By failing to place any warning signs in the area where the pavers were stacked;

E.      By failing to warn ESQUIVEL and others similarly situated of the dangerous

situation of the pavers and the stacking thereof;

F.      By failing to properly monitor shelving and items upon it;

G.      By allowing patrons to have access to pavers stacked unreasonably which made

injuries to customers forseeable;

H.      Failing to have proper and adequate procedures in place to inspect, clean and

maintain merchandise to ensure that it did not create an unreasonably dangerous

condition;

I.      Any and all other acts of negligence which are inherent in these pleadings or

which will appear through discovery in this case or in trial at this matter.

## XIX.

As a result of the foregoing, the Complaintant, RAUL ESQUIVEL, has been caused to

sustain the following damage, more particularly, though non-exclusively described as follows:

A.      Past, present and future pain and suffering               Reasonable

B.      Past, present and future mental anguish and anxiety        Reasonable

C.      Past, present and future medical and rehabilitation expenses     Reasonable

D.      Past, present and future lost wages                   Reasonable

| E. | Loss of enjoyment of life | Reasonable |
|----|---------------------------|------------|
| F. | Disability | Reasonable |
|    | Total | Reasonable |

XX.

WHEREFORE, RAUL ESQUIVEL, JR respectfully requests that:

A.      The defendant herein, LOWES COMPANIES, INC, be duly cited and required to

answer the Summons and Complaint within the delays provided by law;

B.      After due delays and proceedings had, there be Judgment in favor of RAUL

ESQUIVEL, JR and against LOWES COMPANIES, INC. for all damages

necessary and appropriate in the premises; for attorney fees; liquidated damages;

all costs and interest;

C.      For all general and equitable relief;

D.      For trial by jury.


Respectfully submitted,


By: s/ Timothy R. Richardson
TIMOTHY R. RICHARDSON, (LSBN 27625)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel:  (504) 592-4600 Fax: (504) 592-4641
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I do hereby certify that on this 19th day of September, 2012, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

s/ Timothy R. Richardson
Timothy R. Richardson